IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHANIE DE ANGELIS,**

  **Plaintiff,**

                Civil Action 2:17-cv-00924
                Judge Algenon L. Marbley
  v.             Chief Magistrate Judge Elizabeth P. Deavers

**NATIONAL ENTERTAINMENT GROUP LLC,**

  **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Amended Complaint *Instanter* (ECF No. 20), Defendant's Memorandum in Opposition (ECF No. 21), and Plaintiff's Reply in Support (ECF No. 22). For the following reasons, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

Defendant, National Entertainment Group LLC, which does business as "Vanity" ("Defendant" or "Vanity"), is an adult entertainment club in Columbus, Ohio, where Plaintiff Stephanie De Angelis alleges she was employed as a dancer. (ECF No. 1, Plaintiff's Complaint at ¶¶ 3–4, 10–11; ECF No. 7, Defendant's Answer at ¶¶ 1–2.) Defendant denies that Plaintiff De Angelis ever danced at Vanity. (ECF No. 21, at pg. 2.) Plaintiff sued Defendant alleging violations of the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, the Ohio Semi-Monthly Payment Act, O.R.C. § 4113.15, and common law unjust enrichment. Plaintiff alleges

that Defendant failed to pay its dancers any wages and wrongly misclassified dancers as independent contractors instead of employees.  (*See generally* ECF No. 1, Plaintiff's Complaint.)

Plaintiff seeks leave to file an Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 15 to add an additional named Plaintiff, Jane Doe, who wishes to proceed pseudonymously in public filings.  (*See generally* ECF No. 20.)  Plaintiff avers the following regarding Jane Doe's request to proceed pseudonymously:

> Jane Doe's privacy interest substantially outweighs the customary practice of judicial openness.  Jane Doe's identity is of the utmost intimacy.  She fears stigma from her family, friends, employers, and community if they learn of her history as a dancer. . . . Further, her safety could be at risk if her true identity is disclosed.  Dancers perform under a stage name for their protection. . . . If her true identity is revealed, Jane Doe fears she could be harassed or stalked by former customers.

(ECF No. 20, at pg. 2; ECF No. 20, Exhibit 2, Jane Doe Declaration ("Doe Decl.").)  Jane Doe also avers the following in her Declaration:

> The right to proceed pseudonymously is necessary to eliminate fear of involving myself in this litigation.
>
> As a general matter I fear a risk of stalking, harassment, and violence if I were required to proceed using my full name on the record.
>
> As a dancer, my privacy is important, because customers sometimes try to invade the personal lives of dancers.
>
> It is customary for dancers to work using false names and not their real names.
>
> Safety is a big concern in the adult entertainment industry.
>
> Requiring me to put my identifying information on the public docket could subject me to cyberstalking.
>
> There is a stigmatization associated with exotic dancers, and it would be unfair to subject myself and my family to the condemnation associated with my work as a dancer.
>
> Requiring me to proceed by putting my identifying information on the public document would cause embarrassment.

> Requiring me to proceed using my personal identifying information would subject me to economic harm, as no other club would likely hire me to perform work.

(Doe Decl. at ¶¶ 1–9.)

Defendant asserts that permitting a plaintiff to participate pseudonymously in this case is a contravention of the law regarding public proceedings and should be denied. (*See generally* ECF No. 21.) The only issue, therefore, is whether Jane Doe may proceed pseudonymously in public filings.

## II. STANDARD OF REVIEW

As a general rule, all parties must be named in a lawsuit. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Courts thus "start from the premise that proceeding pseudonymously is the exception rather than the rule." *Doe v. Franklin Cty., Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013); *see also Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). However, the Sixth Circuit recognizes that under certain circumstances plaintiffs may be excused from identifying themselves. *Doe v. Franklin*, 2013 WL 5311466 at *2. The issue is "whether a plaintiff's privacy interests substantially outweighs the presumption of open judicial proceedings." *Id.*; *see also E.E.O.C. v. Care Centers Mgmt. Consulting Inc.*, No. 2:12-cv-207, 2012 WL 4215748, at *3 n. 2 (E.D. Tenn. Sept. 18, 2012). Courts in the Sixth Circuit consider the following factors in this analysis:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Franklin*, 2013 WL 5311466 at *2 (internal quotations omitted). Additionally, "when determining whether to permit a plaintiff to proceed pseudonymously, it is also relevant to consider whether the defendants are being forced to proceed with insufficient information to

present their arguments against the plaintiff's case." *Malibu Media, LLC v. Doe*, No. 1:14-cv-493, 2015 WL 268995, at *5 (S.D. Ohio Jan. 21, 2015) (quoting *Marsh*, 123 F. App'x at 636–37). Finally, "[l]eave to proceed pseudonymously is within the discretion of the Court." *Doe v. Warren Cty., Ohio*, No. 1:12-cv-789, 2013 WL 684423, at *2 (S.D. Ohio Feb. 25, 2013).

### III. ANALYSIS

Examining the four considerations in whether a plaintiff's privacy interests substantially outweighs the presumption of open judicial proceedings, three of the four do not apply to the instant motion. Jane Doe is not seeking anonymity to challenge governmental activity, the litigation does not compel plaintiffs to disclose an intention to violate the law, and the record contains no indication that Jane Doe is a child. Indeed, Plaintiff De Angelis fails to assert any of these factors as a basis for seeking leave for Jane Doe to proceed pseudonymously. The only consideration at issue, therefore, is whether prosecution of the suit will compel Jane Doe to disclose information of the utmost intimacy.

In *Endangered v. Louisville/Jefferson County Metro Government Dept. of Inspections*, 3:06-cv-250, 2007 WL 509695, at *1–2 (W.D. Ky. Feb. 12, 2007), the court held that plaintiffs' disabilities which required them to use a wheelchair or scooter for mobility were not of the "utmost intimacy" and that a "laundry list of potential retaliatory conduct" was "wholly unsupported by any evidence in the record." *Id.* The court specifically noted that the would-be anonymous plaintiffs' "laundry list" included fear of retaliation by defendants, fear of being denied financial assistance and public housing, and fear of being illegally surveilled, searched, threatened, and physically injured by police officers or security guards. *Id*. In *Doe v. The Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016), the court held that plaintiff's interest in protecting her sensitive medical information and reputation did not

4

involve matters of the "utmost intimacy." *Id.* In *Doe v. Franklin*, the court found that plaintiff's motion to remain anonymous "relied merely on the generalized notion that she would be exposed to public ridicule or harassment." 2013 WL 5311466 at *3. In that case, plaintiff requested to remain anonymous because the case involved photograph evidence of her genitalia, which due to a particular placement of tattoos, would reveal that plaintiff was homosexual. *Id.* at *2–3. Even under those circumstances, the court found that prosecution of the lawsuit, which was brought against a governmental entity, did not compel plaintiff to disclose information of the utmost intimacy. *Id.* These cases persuade the Court that Plaintiff has not demonstrated that discussing Jane Doe's identity as a dancer implicates a matter of the utmost intimacy.

Other than generalized fears, Plaintiff De Angelis and Jane Doe have offered no "real-world evidence" that prosecution of the suit will compel Jane Doe to disclose information of the utmost intimacy. *See John Does 1–114 v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *3 (E.D. Mich. July 30, 2010) (finding that would-be anonymous plaintiffs' fear of retaliation had to be based on "real-world evidence" and not "merely hypothetical"); *see also Doe v. Franklin*, 2013 WL 5311466 at *2 (finding that plaintiff failed to support her fear of "harassment and ridicule" with "real-world evidence" that would justify her to proceed anonymously). In her Reply, Plaintiff cites to cases in support of her contention that "courts have often allowed parties to use pseudonyms when a case involves the highly sensitive topic of human sexuality." (ECF No. 22, at pg. 2.) First, Plaintiff cites to *Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) presumably because this case involved exotic dancer plaintiffs who were permitted to proceed anonymously. The court specifically notes, however, that "[i]n the [*Ninth Circuit*], . . . we allow parties to use pseudonyms where this is necessary to protect a person from . . . ridicule or embarrassment." *Id.* (emphasis added) (internal citation and quotations omitted).

5

This case is not binding on this Court because the instant action is not within the jurisdiction of the Ninth Circuit.  Plaintiffs next cite to *Doe v. Déjà vu Consulting Inc., et al.*, 2017 U.S. Dist. LEXIS 142019, at *5, 7, 14–15 (M.D. Tenn. Sept. 1, 2017), which involved a "stripper" permitted to proceed anonymously.  Unlike the instant action though, the plaintiff in that case pointed to specific evidence regarding her family's religious beliefs.  *Id.*  Moreover, in that case, the court compelled arbitration in the same decision, such that the complications of proceeding with the substantive claims in federal court where a plaintiff is anonymous were not at issue.  *Id.*  Here, Plaintiff and Jane Doe go no further than asserting generalized fears.  The rest of Plaintiff's citations are to cases involving child pornography, abortion, transsexuality, and homosexuality— topics that are not at issue in the instant action.  (ECF No. 21, at pg. 2.)

Furthermore, Plaintiff De Angelis and Jane Doe offer only generalized fears regarding the contention that Jane Doe's safety is at risk if her true identity is disclosed.  *See John Does 1– 114*, 2010 WL 3037789 at *3; *Doe v. Franklin*, 2013 WL 5311466 at *2; *see also Breaking Glass Pictures v. Does 1–32*, No. 2:13-cv-0849, 2014 U.S. Dist. LEXIS 14159, at *12 (S.D. Ohio Feb. 5, 2014) (noting that the moving party's "conclusory argument does not, however, explain how disclosure of his name, address, telephone number, e-mail address, and MAC address would harm him or otherwise invade his privacy").

Jane Doe's contention that requiring her to proceed without a pseudonym "would subject [her] to economic harm, as no other club would likely hire [her] to perform work" also fails to justify her request to proceed pseudonymously.  (Doe Decl. at ¶ 9.)  If this concern justified proceeding anonymously, then any plaintiff involved in civil litigation against an employer in any lawsuit would be permitted to proceed anonymously.  In *4 Exotic Dancers v. Spearmint Rhino*, No. 8-4038, 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009), the court found that

6

threats of "termination and blacklisting" by the defendant nightclub were not enough to permit the dancer plaintiffs from proceeding anonymously, because "[t]his type of economic retaliation is not sufficiently severe to warrant pseudonymity." *Id.* (noting that "severe" situations might include deportation, arrest, or imprisonment, but not something as "typical" as termination and blacklisting).

Even if prosecution of the instant action would compel Jane Doe to disclose information of the utmost intimacy, her interest in privacy does not "substantially outweigh" the presumption of open judicial proceedings. *See Marsh*, 123 F. App'x at 636; *see also Care Centers*, 2012 WL 4215748 at *3 n. 2. This is because it is "relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *See Malibu Media*, 2015 WL 268995 at *5. For example, Defendant contends that even if they are made aware of Jane Doe's identity, they may still be restricted in their investigations of Jane Doe's alleged claims. (ECF No. 21, at pg. 11.) Defendant posits the following:

> If Jane Doe becomes a plaintiff, [Defendant] will want to investigate various facts relevant to Jane Doe that it believes are relevant to the claims being asserted. For example, was she working at other jobs during the time period she worked for [Defendant]? This may involve informal calls/investigation regarding the proposed plaintiff's employers and/or subpoenas for such information. [Defendant] will need to reveal Jane Doe's name to request/subpoena the relevant information. In connection with verifying or identifying the amount of time that Jane Doe danced at [Defendant's club] and the monies she received from such dancing, [Defendant] anticipates that [it] would subpoena Internal Revenue Service and Ohio Department of Taxation records. [Defendant] will need to reveal Jane Doe's name to request/subpoena the relevant information. If Jane Doe makes assertions related to the case that [Defendant] believes are not credible, [Defendant] may pursue information related to her credibility, including criminal record information and determination of whether she made any misrepresentations in connection with receiving governmental benefits (*e.g.*, Ohio Department of Job and Family Services benefits) during the time that Jane Doe was dancing at [Defendant's club]. [Defendant] will need to reveal Jane Doe's name to request/subpoena the relevant information. Even the factual issues relating to Jane Doe's desire to proceed pseudonymously are subject to discovery and verification that would require

[Defendant] to reveal Jane Doe's name to request/subpoena the relevant information.

(*Id.*)[1]

"The burden is on the Plaintiff to demonstrate that the need for anonymity substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Doe v. Dordoni*, No. 1:16-cv-00074, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29 2016) (citing *Warren Cty.*, 2013 WL 684423 at *2). In Plaintiff's motion, her only attempt to demonstrate that Defendant will not be prejudiced is that Plaintiff's counsel disclosed Jane Doe's "true identity for discovery purposes upon entering in to a valid protective order pursuant to Federal Rule of Civil Procedure 26(c)."[2] (ECF No. 20, at pg. 2–3.) However, according to Defendant, Plaintiff has not entered in to a valid protective order, but merely "agreed to disclose the name of the additional plaintiff subject to the terms of a *proposed* Protective Order." (ECF No. 21, at pg. 1, n.1) (emphasis added). Plaintiff fails to support her contention that her need for anonymity substantially outweighs any prejudice or unfairness that Defendant may face. Accordingly, Plaintiff has failed in her burden to demonstrate that the need

---

[1] In her Reply, Plaintiff contends that Defendant could obtain this information through formal discovery requests, rather than third parties. (ECF No. 21, at pg. 5.) Plaintiff further contends that "much" of this information "is completely irrelevant to the current action." (*Id.*) Additionally, Plaintiff contends that Defendant's "insistence upon the need to subpoena information such as tax returns and misrepresentations in connection to receiving governmental benefits appears to suggest intimidation tactics." (*Id.*) At first blush, it does appear, at best, all of this information is not necessary or proportional to the needs of the case. At this juncture, however, the Court is unwilling to make a determination regarding what is necessary in discovery, by which methods it must be discovered, and what constitutes an "intimidation tactic."

[2] In her Reply, Plaintiff asserts that she "simply seek[s] redaction of [Jane Doe's] personally identifying information from the public docket, and assurances that Defendants will not use or publish [Jane Doe's] identity in a retaliatory manner such as to jeopardize her future employment prospects." (ECF No. 21, at pg. 4.) However, this statement fails to support the contention that Defendant will not suffer prejudice. Rather, it is merely a statement of what Plaintiff and Jane Doe seek.

8

for anonymity substantially outweighs both the presumption that Jane Doe's identity is public information and the risk of unfairness to Defendant.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint *Instanter* (ECF No. 20) is **DENIED**.  To the extent Jane Doe wishes to proceed as a non-pseudonymous plaintiff in this case, Plaintiff De Angelis may file a new motion for leave to file amended complaint.

**IT IS SO ORDERED.**


**Date: March 7, 2019**              */s/ Elizabeth A. Preston Deavers*
                                      **ELIZABETH A. PRESTON DEAVERS**
                                      **CHIEF UNITED STATES MAGISTRATE JUDGE**